IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

JAVIER CORREA

    Plaintiff,

v.                                                  Case No. 18CV649

STRAUSS BRANDS, INC.

    Defendant.

## COMPLAINT

NOW COMES Plaintiff Javier Correa by his attorneys, Arellano & Phebus, S.C. by Attorneys Victor M. Arellano and Douglas J. Phebus, and as for his complaint alleges and shows the court as follows:

## I.
## NATURE OF THE CLAIM

1. Plaintiff Javier Correa ("Plaintiff") brings this action pursuant to the Federal Fair Labor Standards Act, 42 U.S.C. § 1981, et seq., 42 U.S.C § 2000 (Title VII), The Civil Rights Act of 1964, as amended, by The Civil Rights Act of 1991 and the Americans with Disabilities Act (ADA).

Plaintiff alleges that Defendant failed to pay all hours worked when it improperly classified him as an exempt employee. Plaintiff further claims that Defendant subjected him to a pattern of disparate treatment, failure to accommodate, and adverse actions because of his disability and in retaliation for engaging in protected conduct by complaining about the improper disparate treatment by Defendant. Plaintiff seeks compensatory and liquidated damages plus attorney's fees and costs.

## II.
## JURISDICTION AND VENUE

2. The court has jurisdiction pursuant to 28 U.S.C. 1331. Venue is proper pursuant to 28 U.S.C. § 1343, 1331, and under the 14th amendment of the U.S. constitution.

All administrative remedies have been exhausted and a Right to Sue Letter was issued by the Federal Equal Opportunity Commission (see attached).

## III.
## PARTIES

3. Plaintiff Javier Correa is an adult with an address at 3006 S. 15th Pl. Milwaukee, WI 53215.

4. Defendant Strauss Brands, Inc. operates a meat processing plant at 9775 S 60th St, Franklin, WI 53132.

## IV.
## FACTUAL ALLEGATIONS

5. Plaintiff began his employment at the Strauss Brands, Inc. in 1994.

6. Plaintiff injured his lumbar spine at work resulting in surgery. He has permanent limitations as a result of that lumbar spine injury. Plaintiff's lumbar spine injury is a disability pursuant to the Americans with Disabilities Act. Among other things, it affects his ability to work.

7. At all times material hereto Plaintiff had a performance history which met the reasonable expectations of his employer.

8. Upon information and belief Defendant has an anti-discrimination and anti-retaliation policy in place.

9. Plaintiff was paid a salary during his employment with defendant until his termination in December 2016.

10. Mr. Correa had no ability to hire, fire, promote, raise or demote people, or discipline employees. He had no meaningful input into any of these issues. His duties mostly involved meat processing work.

11. In response to Plaintiff's request for disability accommodation, Defendant has retaliated against him by failing to raise his pay, increased scrutiny, and termination.

## COUNT I
## FEDERAL FAIR LABOR STANDARDS ACT

12. Plaintiff realleges counts 1-11 as if set forth fully herein.

13. Plaintiff alleges that Defendant improperly classified him as an exempt employee and failed to pay him for all hours worked. Defendant intentionally violated the FLSA is this regard.

14. Plaintiff seeks an award of back pay, liquidated damages, interest, costs and attorney's fees.

## COUNT II
## AMERICANS WITH DISABILITY ACT

15. Plaintiff realleges counts 1-14 as if set forth fully herein.

16. Plaintiff has sustained loss of wages and emotional distress as a result of the actions of the defendant which were in violation of the ADA.

## COUNT III
## RETALIATION CLAIMS

17. Plaintiff realleges counts 1-16 as if set forth fully herein.

18. Defendant's actions were retaliatory for Plaintiff's complaints regarding disparate treatment.

WHEREFORE, Plaintiff demands the following:

a. reinstatement into his prior position with an order to accommodate his restrictions and back pay, liquidated damages, interest, costs and attorney's fees.

b. compensatory damages for the emotional injury, distress, and physical pain and suffering;

c. an injunction against Defendant ordering that they cease and desist the discriminatory practices towards Plaintiff;

d. punitive damages;

e. reasonable attorney's fees and costs incurred in both the administrative action before the State Equal Rights Division as well as the instant Federal Court; and

f. any other relief the court may deem just and proper.

Dated this 24th day of April, 2018.

ARELLANO & PHEBUS, S.C.
Attorneys for Plaintiff

*s/ Douglas J Phebus*
Victor M. Arellano
State Bar No.1011684
varellano@aplawoffice.com
Douglas J. Phebus
State Bar No. 1029524
dphebus@aplawoffice.com
1468 N. High Point Road, Suite 102
Middleton, WI 53562
Telephone: (608) 827-7680